United States District Court
For the Northern District of California

1

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9

10   GREGORY TILLIS,                           No. C 04-3763 SI (pr)

11                 Plaintiff,                  **ORDER DENYING MOTION TO**
           v.                                  **DISMISS, SETTING STATUS**
12                                             **CONFERENCE AND RESERVING DATE**
     LAMARUE; et al.,                          **FOR HEARING**
13
                 Defendants.
14   _____ /

15

16        Defendants moved to dismiss this prisoner civil rights action on the ground that plaintiff had not

17   exhausted his administrative remedies before filing it, as required by 42 U.S.C. § 1997e(a).  Plaintiff opposed

18   the motion and presented evidence that he had unsuccessfully tried to file an inmate appeal.  Defendants did

19   not file a reply brief to contest plaintiff's evidence of his attempt to exhaust.  The evidence from plaintiff shows

20   that he filed an inmate appeal that was assigned appeal log SVSP # 03-3058, the appeal was stamped

21   "BYPASS" at the informal and first formal level, and the appeal apparently was not processed further by prison

22   officials even though it was submitted in September 2003. In short, plaintiff attempted to exhaust but prison

23   officials failed to respond by the time plaintiff filed this action eleven months later or by the time plaintiff filed

24   his opposition to the motion to dismiss eighteen months later.  The applicable regulation requires in general that

25   prison officials respond to the inmate appeal within 30 working days for the first level appeal and within 20

26   working days for the second level appeal. See 15 Cal. Code Regs. § 3084.6(b).  After more than eighteen

27   months, it can reasonably be determined from the complete failure to respond that no response to plaintiff's

28   inmate appeal SVSP #04-3058 will be made and that plaintiff's administrative appeal has gone as far as it ever

**United States District Court**
For the Northern District of California

1  will go.  Plaintiff availed himself of the administrative remedies process the state made available to him; that is

2  all § 1997e(a) required of him.  Cf.  Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005) (prisoner whose

3  administrative appeal was denied as untimely had "exhausted all administrative remedies available to him as

4  required by the PLRA when he completed all avenues of administrative review available to him").  For the

5  foregoing reasons, respondent's motion to dismiss for failure to exhaust administrative remedies is DENIED.

6  (Docket # 17.)  To rule otherwise would allow prison officials to bar inmates' access to federal court by simply

7  not responding to inmate appeals.

8        Counsel has recently substituted in to represent plaintiff.  Plaintiff's new counsel has requested a special

9  status conference primarily to obtain permission to expand the record on the motion to dismiss.  No status

10  conference is necessary for this purpose because the court has now denied the motion to dismiss and needs

11  no further evidentiary presentation on it.

12        The other reason plaintiff's counsel wants a special status conference is to discuss the possibility of

13  amending the complaint.  If plaintiff wants to file an amended complaint, he should do so by filing a motion in

14  compliance with the Federal Rules of Civil Procedure.  **The Court will reserve Friday, August 12, 2005**

15  **at 9:00 a.m. for such a hearing**.  Any such motion must be filed no later than July 8, 2005.

16        **In addition, the Court will schedule a status conference for  August 12, 2005 at 2:00 p.m.** The

17  parties are directed to file a joint Case Management Conference statement one week in advance of the

18  conference, in accordance with this Court's local rules and standing orders.  Accordingly, plaintiff's ex parte

19  request for a special status conference is GRANTED.  (Docket # 23.)

20

21        IT IS SO ORDERED.

22  Dated: June 20, 2005                                  _s/Susan Illston_____
                                                          SUSAN ILLSTON
23                                                        United States District Judge

24

25

26

27

28

2