1

2

3

4

5            IN THE UNITED STATES DISTRICT COURT

6        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   GREGORY TILLIS,                              No. C 04-03763 SI

9              Plaintiff,                        **ORDER GRANTING PLAINTIFF'S**
      v.                                         **MOTION FOR LEAVE TO AMEND, AND**
10                                               **VACATING HEARING**
    LAMARUE, et al.,
11
               Defendants.
12   _____/

13
          On July 8, 2005, plaintiff Gregory Tillis filed this motion for leave to amend his complaint.  The motion
14
    was set for hearing on August 12, 2005.  The Court deems this matter appropriate for decision without oral
15
    argument pursuant to Civil Local Rule 7-1(b).  Having carefully considered the papers submitted, the Court
16
    hereby GRANTS plaintiff's motion for leave to amend.
17

18
                                  **BACKGROUND**
19
          This case arises out of the alleged assault of plaintiff Gregory Tillis on August 14, 2003, while he was
20
    incarcerated at Salinas Valley State Prison.  Tillis alleges that defendant Leon Holston, who was then a
21
    correctional officer at the prison, unlocked the door to Tillis' cell and permitted four inmates to enter the cell
22
    and assault Tillis.  As a result of the assault, Tillis sustained several injuries.  Tillis further alleges that defendants
23
    Warlaumont and Espinoza, who were correctional officers on duty at the time, denied his pleas for medical
24
    assistance and that he received medical treatment only after a new shift of correctional officers began.  Tillis
25
    filed administrative complaints with the prison regarding the assault but received no response.  In February
26
    2005, Officer Holston pled guilty to felony charges of assault against Tillis and filing false police reports, and
27
    he also admitted to assisting a prison gang.  Tillis, acting pro se, filed this action against defendants in August
28

**United States District Court**
For the Northern District of California

1   26, 2004, and it was transferred to this Court in September 2004.  Since he filed the initial complaint, Tillis has

2   survived a motion to dismiss for failure to exhaust administrative remedies, propounded discovery, and engaged

3   counsel.  On July 8, 2005, through counsel, he filed this motion for leave to amend his complaint in light of new

4   facts uncovered.  That motion is now before the Court.

5

6                                          **LEGAL STANDARD**

7           Federal Rule of Civil Procedure 15(a) provides for the amendment of pleadings by leave of court and

8   notes that such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  However, the

9   grant or denial of a motion to amend is committed to the discretion of the district court, and denial is proper

10  where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

11  deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

12  of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also

13  Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991).  An amendment is

14  considered futile where the added claim could be defeated by a motion to dismiss or for summary judgment.

15  See Wilson v. American Trans Air, Inc., 874 F.2d 386, 392 (7th Cir. 1989).

16

17                                          **DISCUSSION**

18          Tillis seeks leave to amend his complaint to add additional claims and defendants because of the recent

19  involvement of counsel and discovery of new facts.  He states that he intends to incorporate into an amended

20  complaint claims for failure to protect an inmate's safety; failure to train prison guards and claims against prison

21  supervisors under the Eighth Amendment; negligence; negligent hiring, training, and retention of law enforcement

22  officers; negligent and intentional infliction of emotional distress; claims under Cal. Civil Code § 52; violations

23  of Title 15 of the California Code of Regulations; and possibly a RICO claim.  Pl.'s Mot. at 6; Reply at 4 n.

24  2.

25          Defendants argue that amendment would be futile because plaintiff presents only "new theories," but

26  no new facts.  Defs.' Opp'n at 2.  In addition, they ask the Court to deny the motion without prejudice due to

27  Tillis' failure to provide a proposed amended complaint, because without the proposed amendments, the Court

28

cannot evaluate whether amendment would be futile.  As plaintiff points out, however, this district's Local Rules do not require that a proposed amended complaint accompany a motion for leave to amend.  See Waters v. Wyerhaeuser Mortgage Co., F.2d 503, 507 (9th Cir. 1978); see also Civil L.R. 10-1 (stating that "any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference" but containing no requirement that parties moving for leave to amend must file a proposed pleading).  More important, Tillis has provided evidence of new facts, contained in news articles published since Tillis filed his original pro se complaint, and these facts are directly relevant to the claims plaintiff proposes to add in an amended pleading.  Therefore, the Court finds that amendment would not be futile.

Therefore, the Court GRANTS plaintiff's motion for leave to amend.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion for leave to amend.  The August 12, 2005 hearing date is hereby VACATED.  Plaintiff must file an amended complaint **on or before September 2, 2005.** [Docket # 30]

**IT IS SO ORDERED.**

Dated: August 8, 2005

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

3