United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY TILLIS,

Plaintiff,

v.

ANTHONY LAMARQUE, et al.,

Defendants.
/

No. C 04-03763 SI

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL**

Now before the Court is plaintiff's motion to compel the production of documents responsive to his first set of document requests and to three third-party subpoenas.[1] Defendants and the subpoenaed parties (collectively, "defendants") have objected to the document requests, arguing that the documents are privileged and that the requests are vague, overbroad, and unduly burdensome. For the following reasons, the Court GRANTS plaintiff's motions to compel in part.

**1. Official Information Privilege**

Defendants assert that many of the requested documents are protected by the "official information" privilege, a qualified privilege under federal law that covers official information such as government personnel files. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). The official information privilege operates through a balancing test: "[t]o determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." *Id.* at 1034.

[1] Plaintiff brought this matter before the court through two letter briefs dated August 11, 2005 (Docket Nos. 40, 41). Defendants and subpoenaed parties responded in an August 19, 2005 letter (Docket No. 50).

Before a court engages in this balancing test, however, the party asserting the privilege must properly invoke the privilege by filing a declaration or affidavit from an official with control over the matter. This affidavit must set forth the following:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality . . .; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interest; (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.

*Kelly v. City of San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987); *see also Miller v. Pancucci*, 141 F.R.D 292, 301 (C.D. Cal. 1992).

Under this standard, neither of the affidavits that defendants have provided is sufficient to invoke the official information privilege. To begin with, neither affidavit explicitly states that the specific documents at issue have been kept confidential. More importantly, neither affidavit addresses the specific consequences of disclosure; rather, both assert in almost identical terms that disclosure will harm the general ability of the agency to conduct investigations because it will deter individuals from being completely honest in the future. Numerous courts have found, however, that "'a general assertion that a police department's internal investigatory system would be harmed by disclosure of the documents is insufficient' to meet the threshold test for invoking the official information privilege." *Soto v. City of Concord*, 162 F.R.D. 603, 614 (N.D. Cal. 1995) (quoting *Chism*, 159 F.R.D. 531, 534-35 (C.D. Cal. 1994)). Rather, "the party resisting discovery 'must *specifically* describe how disclosure of the requested documents in that particular case . . . would be harmful.'" *Id.* (quoting *Chism*, 159 F.R.D. at 535) (emphasis in original). In addition, neither affidavit addresses how a carefully crafted protective order could protect the confidentiality interests of the government agencies, and neither discusses the consequences that would occur if disclosure occurred.

Because the affidavits submitted by the defendants are insufficient, the Court GRANTS plaintiff's motion to compel discovery with respect to documents withheld on the basis of the official information privilege. Any disclosure, however, shall be subject to the terms of the protective order discussed below.

**2. Staff Personnel Files**

Plaintiff has also requested the personnel files of the prison staff members who are alleged to have been involved with the assault on plaintiff. Defendants claim that this request covers confidential information that is protected by a "right to privacy and personal security."[2]

Federal Rule of Civil Procedure 26(b)(2) allows a court to limit the use of discovery if it finds that "the burden . . . of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). A number of courts have found that personal information contained in a personnel file may be withheld on the grounds that it is unduly burdensome to produce. *See, e.g., Hinton v. Conner*, 225 F.R.D. 513 (M.D.N.C. 2005) ("[I]n all instances where employment records of non-parties are sought, there is a privacy interest involved . . . ."); *Onwuka v. Fed. Express Corp.*, 178 F.R.D. 508, 517-18 (D. Minn. 1997); *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682 (M.D. Ala. 1998); *but see Smith v. Goord*, 222 F.R.D. 238 (N.D.N.Y. 2004) (holding that former prisoner was entitled to discovery of personnel files of named defendants). In the law enforcement context, concerns over the security of government employees can heighten the potential burden of disclosure of personal information. *See Kallstrom v. City of Columbus*, 136 F.3d 1055, 1063 (6th Cir. 1998) (holding that concern over the release of law enforcement officers' personal information to defense counsel for members of a violent gang "rises to constitutional dimensions").

The Court finds that the requests for personnel files of the staff involved in the assault on plaintiff to be relevant to the case at hand. Information in the files relating to job performance, inmate complaints, and other employment-related matters is clearly highly relevant to plaintiff's case. Personal information, however, such as the home addresses of staff members, information on family or family members, and similar material is understandably sensitive, and need not be produced.

The Court therefore ORDERS defendants to produce those portions of the personnel files that plaintiff has requested that relate to the employment of prison staff members alleged to be involved in the assault on

---

[2] Defendants also base their argument on section 832.7 of the California Penal Code, which creates an evidentiary privilege for peace officer personnel records. Despite defendants' argument, "[q]uestions of privilege that arise in the course of the adjudication of federal rights are 'governed by [principles of federal common law].'" *United States v. Zolin*, 491 U.S. 554, 562, 109 S. Ct. 2619, 2625 (1989) (quoting Fed. R. Evid. 501). While "state law may provide a useful referent, . . . it is not controlling." *Breed v. United States District Court*, 542 F.2d 1114, 1115 (9th Cir. 1976). "In cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents are relevant and admissible." *Green v. Baca*, 226 F.R.D. 624 (C.D. Cal. 2005). Thus, the Court rejects defendants' argument that information may be withheld on the basis of Cal. Penal Code § 832.7.

United States District Court
For the Northern District of California

plaintiff. Strictly personal matter may be redacted from the file. Any redacted material, however, must appear on defendants' privilege log.

**3. Inmate Complaints**

Plaintiff has also requested all documents dated after 1990 regarding inmate complaints about abuse based upon race or gang affiliation. Given that plaintiff has alleged that he was assaulted by gang members based upon his refusal to join their gang, such information is relevant to his case. Defendants, however, have made a strong showing that this information is difficult to produce. Specifically, defendants argue that, because inmate complaints are not computerized or indexed by subject matter, "to locate each document requested would involve searching through the central files of each inmate in this state." Def. Br. at 5.

Plaintiff has not established why a 15-year history of inmate complaints is necessary to prepare his case. In light of the burden of responding that defendants claim, the Court finds that plaintiff's request for inmate complaints is overly broad and therefore DENIES plaintiff's motion to compel with respect to the requests for inmate complaints.

**3. Rule 26 Initial Disclosures**

Plaintiff also requests that the Court order defendants to provide initial disclosures, as required by Federal Rule of Civil Procedure 26. Defendants were originally exempted from providing such disclosures because this action was "brought without counsel by a person in custody of . . . a state." *See* Fed. R. Civ. P. 26(a)(1)(E)(iii). Plaintiff argues, however, that because he now has counsel, defendants should be required to provide initial disclosures.

Subsection (a)(1)(E)(iii) of Federal Rule of Civil Procedure 26 was added by the 2000 amendments to the rule in order to "identify cases in which there is likely to be little or no discovery, or in which initial disclosure appears unlikely to contribute to the effective development of the case." Fed. R. Civ. P. 26 adv. comm. notes. The Court agrees with plaintiff that, now that he is represented by counsel, initial disclosures will be useful in helping discovery proceed in an orderly fashion. The Court therefore ORDERS defendants to provide initial disclosures to plaintiff.

**4. Boilerplate Objections**

Plaintiff also challenges defendants' use of boilerplate objections in their discovery responses. The only specific document request that plaintiff refers to,[3] however, is Request No. 1 in his subpoena to Salinas Valley State Prison, which requests "all Documents relating to former inmate Gregory Tillis, including, without limitation, inmate records and files, medical records, incident reports, administrative reports, parole reports, and appeals records." Defendants have raised a host of objections to this request, including overbreadth, vagueness, and undue burden. The Court, however, finds the request fairly straightforward and highly relevant to plaintiff's case. Salinas Valley State Prison is therefore ORDERED to produce all documents in its possession, custody, or control that are responsive to plaintiff's request.

**4. Protective Order**

The final point of contention between the parties is the scope of the protective order that should issue in this case. Plaintiff acknowledges the need for a protective order, but argues that defendants' proposed order is too restrictive and will drastically impede plaintiff's ability to prosecute this case. Both parties have provided proposed orders to the Court, and they request that the Court decide which shall be imposed.

As an initial matter, "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *see also Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). Given that defendants seek to impose a more restrictive protective order on discovery in this litigation, they bear the burden of proving that they will be harmed absent such an order. Defendants have not made any specific showing of harm that will result if plaintiff's protective order is used in place of defendants'. Instead, defendants merely recite the general policy against disclosure to prisoners of information regarding other prisoners. This is insufficient. Moreover, plaintiff's protective order

---

[3]Plaintiff has challenged defendants' use of boilerplate objections in general, but has not referenced specific document requests. Without specific reference to document requests, the Court is unable to rule on the propriety of defendants' objections. The Court notes, however, that many of defendants' objections appear to be boilerplate and unrelated to the document requests at issue. *See, e.g.*, Defendants' Amended Reponses to Plaintiff's First Request for Production of Documents, Request No. 1 (raising a host of objections to the very narrow request for "Investigative Reports dated August 14, 2003 concerning Inmate TILLIS, D-66674, Assault and Battery while at Salinas Valley State Prison.").

appears to be reasonable and highly respectful of the need for limited disclosure of sensitive information. The Court will therefore ORDER that all discovery in this case occur pursuant to the protective order that plaintiff has supplied.

**5. Conclusion**

For the foregoing reasons, plaintiff's motion to compel is GRANTED with respect to documents being withheld on the grounds of official information privilege, to staff personnel files, and to documents responsive to plaintiff's Request No. 1 in the subpoena to Salinas Valley State Prison. Plaintiff's motion to compel is DENIED with respect to plaintiff's requests for inmate complaints related to gang activity. Further, defendants are ORDERED to provide initial disclosures to plaintiff within 15 days of this Order. Finally, discovery in this case shall proceed according to the protective order that plaintiff has supplied.

**IT IS SO ORDERED.**

Dated: 10/19/05

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY TILLIS,

Plaintiff,

v.

ANTHONY LAMARQUE, et al.,

Defendants.
_______________________________________/

No. C 04-03763 SI

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL**

Now before the Court is plaintiff's motion to compel the production of documents responsive to his first set of document requests and to three third-party subpoenas.[1] Defendants and the subpoenaed parties (collectively, "defendants") have objected to the document requests, arguing that the documents are privileged and that the requests are vague, overbroad, and unduly burdensome. For the following reasons, the Court GRANTS plaintiff's motions to compel in part.

**1. Official Information Privilege**

Defendants assert that many of the requested documents are protected by the "official information" privilege, a qualified privilege under federal law that covers official information such as government personnel files. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). The official information privilege operates through a balancing test: "[t]o determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." *Id.* at 1034.

---

[1]Plaintiff brought this matter before the court through two letter briefs dated August 11, 2005 (Docket Nos. 40, 41). Defendants and subpoenaed parties responded in an August 19, 2005 letter (Docket No. 50).

United States District Court
For the Northern District of California

Before a court engages in this balancing test, however, the party asserting the privilege must properly invoke the privilege by filing a declaration or affidavit from an official with control over the matter. This affidavit must set forth the following:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality . . .; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interest; (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.

*Kelly v. City of San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987); *see also Miller v. Pancucci*, 141 F.R.D 292, 301 (C.D. Cal. 1992).

Under this standard, neither of the affidavits that defendants have provided is sufficient to invoke the official information privilege. To begin with, neither affidavit explicitly states that the specific documents at issue have been kept confidential. More importantly, neither affidavit addresses the specific consequences of disclosure; rather, both assert in almost identical terms that disclosure will harm the general ability of the agency to conduct investigations because it will deter individuals from being completely honest in the future. Numerous courts have found, however, that "'a general assertion that a police department's internal investigatory system would be harmed by disclosure of the documents is insufficient' to meet the threshold test for invoking the official information privilege." *Soto v. City of Concord*, 162 F.R.D. 603, 614 (N.D. Cal. 1995) (quoting *Chism*, 159 F.R.D. 531, 534-35 (C.D. Cal. 1994)). Rather, "the party resisting discovery 'must *specifically* describe how disclosure of the requested documents in that particular case . . . would be harmful.'" *Id.* (quoting *Chism*, 159 F.R.D. at 535) (emphasis in original). In addition, neither affidavit addresses how a carefully crafted protective order could protect the confidentiality interests of the government agencies, and neither discusses the consequences that would occur if disclosure occurred.

Because the affidavits submitted by the defendants are insufficient, the Court GRANTS plaintiff's motion to compel discovery with respect to documents withheld on the basis of the official information privilege. Any disclosure, however, shall be subject to the terms of the protective order discussed below.

**2. Staff Personnel Files**

United States District Court
For the Northern District of California

Plaintiff has also requested the personnel files of the prison staff members who are alleged to have been involved with the assault on plaintiff. Defendants claim that this request covers confidential information that is protected by a "right to privacy and personal security."[2]

Federal Rule of Civil Procedure 26(b)(2) allows a court to limit the use of discovery if it finds that "the burden . . . of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). A number of courts have found that personal information contained in a personnel file may be withheld on the grounds that it is unduly burdensome to produce. *See, e.g., Hinton v. Conner*, 225 F.R.D. 513 (M.D.N.C. 2005) ("[I]n all instances where employment records of non-parties are sought, there is a privacy interest involved . . . ."); *Onwuka v. Fed. Express Corp.*, 178 F.R.D. 508, 517-18 (D. Minn. 1997); *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682 (M.D. Ala. 1998); *but see Smith v. Goord*, 222 F.R.D. 238 (N.D.N.Y. 2004) (holding that former prisoner was entitled to discovery of personnel files of named defendants). In the law enforcement context, concerns over the security of government employees can heighten the potential burden of disclosure of personal information. *See Kallstrom v. City of Columbus*, 136 F.3d 1055, 1063 (6th Cir. 1998) (holding that concern over the release of law enforcement officers' personal information to defense counsel for members of a violent gang "rises to constitutional dimensions").

The Court finds that the requests for personnel files of the staff involved in the assault on plaintiff to be relevant to the case at hand. Information in the files relating to job performance, inmate complaints, and other employment-related matters is clearly highly relevant to plaintiff's case. Personal information, however, such as the home addresses of staff members, information on family or family members, and similar material is understandably sensitive, and need not be produced.

The Court therefore ORDERS defendants to produce those portions of the personnel files that plaintiff has requested that relate to the employment of prison staff members alleged to be involved in the assault on

---

[2]Defendants also base their argument on section 832.7 of the California Penal Code, which creates an evidentiary privilege for peace officer personnel records. Despite defendants' argument, "[q]uestions of privilege that arise in the course of the adjudication of federal rights are 'governed by [principles of federal common law].'" *United States v. Zolin*, 491 U.S. 554, 562, 109 S. Ct. 2619, 2625 (1989) (quoting Fed. R. Evid. 501). While "state law may provide a useful referent, . . . it is not controlling." *Breed v. United States District Court*, 542 F.2d 1114, 1115 (9th Cir. 1976). "In cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents are relevant and admissible." *Green v. Baca*, 226 F.R.D. 624 (C.D. Cal. 2005). Thus, the Court rejects defendants' argument that information may be withheld on the basis of Cal. Penal Code § 832.7.

plaintiff. Strictly personal matter may be redacted from the file. Any redacted material, however, must appear on defendants' privilege log.

**3. Inmate Complaints**

Plaintiff has also requested all documents dated after 1990 regarding inmate complaints about abuse based upon race or gang affiliation. Given that plaintiff has alleged that he was assaulted by gang members based upon his refusal to join their gang, such information is relevant to his case. Defendants, however, have made a strong showing that this information is difficult to produce. Specifically, defendants argue that, because inmate complaints are not computerized or indexed by subject matter, "to locate each document requested would involve searching through the central files of each inmate in this state." Def. Br. at 5.

Plaintiff has not established why a 15-year history of inmate complaints is necessary to prepare his case. In light of the burden of responding that defendants claim, the Court finds that plaintiff's request for inmate complaints is overly broad and therefore DENIES plaintiff's motion to compel with respect to the requests for inmate complaints.

**3. Rule 26 Initial Disclosures**

Plaintiff also requests that the Court order defendants to provide initial disclosures, as required by Federal Rule of Civil Procedure 26. Defendants were originally exempted from providing such disclosures because this action was "brought without counsel by a person in custody of . . . a state." *See* Fed. R. Civ. P. 26(a)(1)(E)(iii). Plaintiff argues, however, that because he now has counsel, defendants should be required to provide initial disclosures.

Subsection (a)(1)(E)(iii) of Federal Rule of Civil Procedure 26 was added by the 2000 amendments to the rule in order to "identify cases in which there is likely to be little or no discovery, or in which initial disclosure appears unlikely to contribute to the effective development of the case." Fed. R. Civ. P. 26 adv. comm. notes. The Court agrees with plaintiff that, now that he is represented by counsel, initial disclosures will be useful in helping discovery proceed in an orderly fashion. The Court therefore ORDERS defendants to provide initial disclosures to plaintiff.

United States District Court
For the Northern District of California

**4. Boilerplate Objections**

Plaintiff also challenges defendants' use of boilerplate objections in their discovery responses. The only specific document request that plaintiff refers to,[3] however, is Request No. 1 in his subpoena to Salinas Valley State Prison, which requests "all Documents relating to former inmate Gregory Tillis, including, without limitation, inmate records and files, medical records, incident reports, administrative reports, parole reports, and appeals records." Defendants have raised a host of objections to this request, including overbreadth, vagueness, and undue burden. The Court, however, finds the request fairly straightforward and highly relevant to plaintiff's case. Salinas Valley State Prison is therefore ORDERED to produce all documents in its possession, custody, or control that are responsive to plaintiff's request.

**4. Protective Order**

The final point of contention between the parties is the scope of the protective order that should issue in this case. Plaintiff acknowledges the need for a protective order, but argues that defendants' proposed order is too restrictive and will drastically impede plaintiff's ability to prosecute this case. Both parties have provided proposed orders to the Court, and they request that the Court decide which shall be imposed.

As an initial matter, "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *see also Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). Given that defendants seek to impose a more restrictive protective order on discovery in this litigation, they bear the burden of proving that they will be harmed absent such an order. Defendants have not made any specific showing of harm that will result if plaintiff's protective order is used in place of defendants'. Instead, defendants merely recite the general policy against disclosure to prisoners of information regarding other prisoners. This is insufficient. Moreover, plaintiff's protective order

[3]Plaintiff has challenged defendants' use of boilerplate objections in general, but has not referenced specific document requests. Without specific reference to document requests, the Court is unable to rule on the propriety of defendants' objections. The Court notes, however, that many of defendants' objections appear to be boilerplate and unrelated to the document requests at issue. *See, e.g.*, Defendants' Amended Reponses to Plaintiff's First Request for Production of Documents, Request No. 1 (raising a host of objections to the very narrow request for "Investigative Reports dated August 14, 2003 concerning Inmate TILLIS, D-66674, Assault and Battery while at Salinas Valley State Prison.").

United States District Court
For the Northern District of California

appears to be reasonable and highly respectful of the need for limited disclosure of sensitive information. The Court will therefore ORDER that all discovery in this case occur pursuant to the protective order that plaintiff has supplied.

**5. Conclusion**

For the foregoing reasons, plaintiff's motion to compel is GRANTED with respect to documents being withheld on the grounds of official information privilege, to staff personnel files, and to documents responsive to plaintiff's Request No. 1 in the subpoena to Salinas Valley State Prison. Plaintiff's motion to compel is DENIED with respect to plaintiff's requests for inmate complaints related to gang activity. Further, defendants are ORDERED to provide initial disclosures to plaintiff within 15 days of this Order. Finally, discovery in this case shall proceed according to the protective order that plaintiff has supplied.

**IT IS SO ORDERED.**

Dated: 10/19/05

SUSAN ILLSTON
United States District Judge