BROOKS M. BEARD (BAR NO. 181271)
CHRISTOPHER E. BABBITT (BAR NO. 225813)
SHALINI BHARGAVA (BAR NO. 233258)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522

Attorneys for Plaintiff GREGORY TILLIS

BILL LOCKYER
Attorney General of the States of California
JAMES HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
BONNIE CHEN (BAR NO. 219394)
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5577
Facsimile: (415) 703-5843

Attorneys for Defendants TERRI L. WARLAUMONT, GREGORY ESPINOZA, and Respondents DEPARTMENT OF CORRECTIONS AND REHABILITATION, SALINAS VALLEY STATE PRISON, and OFFICE OF INTERNAL AFFAIRS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY TILLIS,<br><br>Plaintiff,<br><br>v.<br><br>LAMARUE, et al.,<br><br>Defendants. | No. C-04-3763 SI<br><br>**[PROPOSED] PROTECTIVE ORDER** |

1.  Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and it appearing that discovery in this action will involve the disclosure of confidential information, it is hereby stipulated by and between Plaintiff Gregory Tillis ("Mr. Tillis"), Defendants Terri L. Warlaumont and Gregory Espinoza (together, "Defendants"), and the California Department of Corrections and Rehabilitation ("DCR"), Salinas Valley State Prison ("SVSP"), and the California Department of Corrections and Rehabilitation - Office of Internal Affairs ("IA"), collectively referred to as the "Parties" and individually referred to as "Party," through their respective counsel, and ordered that the following Protective Order be entered to give effect to the terms and conditions set forth below:

2.  "Designating Party" means any one of the Parties producing Documents or information under this Protective Order.

3.  "Document" or "Documents" shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant caselaw.

4.  "Protected Information" includes the following categories of information, and shall include Documents produced during discovery, answers to interrogatories, responses to requests for admissions, depositions, hearing or trial transcripts, and tangible things, the information contained therein, and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose such information.

    A.  "**CONFIDENTIAL**" designates information that a Designating Party reasonably believes to be confidential due to safety or security reasons and that is not readily available to the public.

    B.  "**CONFIDENTIAL: OUTSIDE ATTORNEYS' AND EXPERTS' EYES ONLY**" designates information that the Designating Party reasonably believes contains information the disclosure of which is likely to result in imminent or substantial endangerment to an inmate or prison employee.

    C.  "**REDACTED & CONFIDENTIAL**" or "**REDACTED & CONFIDENTIAL: OUTSIDE ATTORNEYS' AND EXPERTS' EYES ONLY**" designates information that the Designating Party reasonably believes contains information that must be

redacted to protect an inmate or prison employee from imminent and substantial endangerment. Information that may be redacted includes only: (i) names; (ii) current home addresses; (iii) current home or personal telephone numbers; and (iv) social security numbers. Each redaction must be identified by showing what information has been redacted (*i.e.*, "current address," "current home telephone," "social security number," etc.). If a name is redacted, the name must be replaced with an identifier (*i.e.*, "Salinas Valley Prison Inmate 1, "Salinas Valley Prison Employee 1," "Department Official 1," "Salinas Valley Confidential Informant 1," etc.) so that each person can be tracked in the Documents. The identifiers must remain consistent across all Documents.

D. Information that is designated as "**CONFIDENTIAL**," "**CONFIDENTIAL: OUTSIDE ATTORNEYS' AND EXPERTS' EYES ONLY**," "**REDACTED & CONFIDENTIAL**," or "**REDACTED & CONFIDENTIAL: OUTSIDE ATTORNEYS' AND EXPERTS' EYES ONLY**" may fall into one or more of the following categories:

i. DCR, SVSP, and IA policies, operational procedures, rules, or regulations that have previously been designated as confidential;

ii. personnel documents;

iii. post orders;

iv. investigation documents;

v. documents contained in the central prison file, medical file, or parole files of an inmate or former inmate;

vi. any personal information regarding an inmate, former inmate, or staff member employed or formerly employed by the CDC; and

vii. information regarding the identity of a confidential informant and confidential investigations.

Information falling within these categories may not, solely by virtue of that fact, be appropriately designated "CONFIDENTIAL" "CONFIDENTIAL: OUTSIDE ATTORNEYS' AND EXPERTS' EYES ONLY," "REDACTED & CONFIDENTIAL" or "REDACTED & CONFIDENTIAL: OUTSIDE ATTORNEYS' AND EXPERTS' EYES ONLY."

E. Protected Information shall not include: (i) information that is in the public domain at the time of disclosure; (ii) information that after disclosure is published or becomes part of the public domain through no fault or action (in whole or in part) of any Party receiving information under this Protective Order, but only after it is published or comes into the public domain; (iii) information that is in the possession of a Party receiving such information without any confidentiality obligations at the time of disclosure; or (iv) information disclosed by a third party.

5. This Protective Order shall apply to all Protected Information exchanged by any Party, including, without limitation, Documents, things, other discovery materials, depositions, testimony, or other papers produced, filed, generated, or served by a party in this litigation.

6. All Protected Information produced and designated as confidential hereunder shall have stamped or affixed on each page that contains Protected Information the appropriate confidentiality classification—either “CONFIDENTIAL,” “CONFIDENTIAL: OUTSIDE ATTORNEYS’ AND EXPERTS’ EYES ONLY,” “REDACTED & CONFIDENTIAL,” or “REDACTED & CONFIDENTIAL: OUTSIDE ATTORNEYS’ AND EXPERTS’ EYES ONLY” — and the designation “Case No. C-04-3763 SI (N.D. Cal.)” at the time such materials, or copies thereof, are delivered to the receiving party, or within ten (10) calendar days thereafter in the event such labeling or marking is inadvertently omitted. Until ten (10) calendar days have elapsed after receipt, the reviewing party will treat Documents and things that have been received and that have not been designated “CONFIDENTIAL,” “CONFIDENTIAL: OUTSIDE ATTORNEYS’ AND EXPERTS’ EYES ONLY,” “REDACTED & CONFIDENTIAL,” or “REDACTED & CONFIDENTIAL: OUTSIDE ATTORNEYS’ AND EXPERTS’ EYES ONLY” as if they had been designated with the “CONFIDENTIAL: OUTSIDE ATTORNEYS’ AND EXPERTS’ EYES ONLY” or “REDACTED & CONFIDENTIAL: OUTSIDE ATTORNEYS’ AND EXPERTS’ EYES ONLY” classification. The parties will use due care to designate as Protected Information only Documents or other materials that truly encompass such information.

7. Protected Information that has been classified as “CONFIDENTIAL” or “REDACTED & CONFIDENTIAL” may be disclosed only to the following:

A. outside counsel for the receiving party and their clerical and paralegal staffs and litigation support providers (for example, outside copy services, coding and imaging vendors, graphic art and visual aid providers, or jury consultants) whose duties and responsibilities require access to Protected Information;

B. Mr. Tillis and Defendants;

C. experts and consultants who are requested by counsel of the receiving party to furnish technical, legal, expert, or other specialized services in connection with this litigation;

D. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other lay personnel of such officer; and

E. any other person to whom the parties agree in writing or as allowed by the Court.

8. Protected Information that has been classified as “CONFIDENTIAL: OUTSIDE ATTORNEYS’ AND EXPERTS’ EYES ONLY” or “REDACTED & “CONFIDENTIAL: OUTSIDE ATTORNEYS’ AND EXPERTS’ EYES ONLY” may be disclosed only to those persons identified in subparts A, C, D, and E of Paragraph 7 above.

9. No Protected Information shall be provided to any person covered by subparts A, B, D, and E of Paragraph 7 until each such person has been provided with a copy of this Protective Order, reviewed it, and signed the Certification attached hereto as Exhibit A.

10. No Protected Information shall be provided to any person covered by subpart C of Paragraph 7 above until ten (10) calendar days after the following have been provided to the opposing party: (a) a written identification of the person; ; and (b) a signed Certification from the person in the form of Exhibit A attached to this Protective Order. If, within five (5) calendar days of receipt of written notice, a party objects in writing to such expert or consultant having access to any Protected Information, the expert or consultant shall be barred from such access until the parties are able to reach an agreement to resolve the issue or upon further order of the Court. If the objection is not resolved within five (5) calendar days of service of the written objection, the party seeking to prevent disclosure shall file a motion within seven (7) calendar days after service of the notice of objection, to be heard on the earliest date available, with respect to such objection. Failure to file

Case 3:04-cv-03763-SI Document 74 Filed 11/09/2005 Page 6 of 13

such a motion within the prescribed period shall preclude a party from objecting to the disclosure of Protected Information to the person to whom the objection is directed. The disclosure of Protected Information to such proposed person shall be withheld pending the ruling of the Court on any such timely-filed motion or the failure of the party seeking to prohibit disclosure to file a timely motion. On any such motion, the party seeking to prevent disclosure to a person proposed for approval shall have the burden of proof.

11. Designations of Discovery

A. Depositions may be designated as Protected Information in accordance with this Order: (a) in the course of the deposition, orally on the record; or (b) by notifying the other party in writing, within ten (10) calendar days of receipt of the transcript by both parties, of the pages and lines of the transcript that contain the Protected Information.

i. All depositions shall presumptively be treated as Protected Information marked with the "CONFIDENTIAL: OUTSIDE ATTORNEYS' AND EXPERTS' EYES ONLY" designation in accordance with the definition above and subject to this Order during the deposition and for a period of ten (10) calendar days after a transcript of said deposition is received by both Parties.

ii. Counsel of record for the Designating Party may also request that all persons other than the individuals specified in Paragraph 7 of this Protective Order, as appropriate, leave the deposition room during the portion of the deposition in which Protective Information is disclosed. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel of record to advise the witness not to answer the question pending a ruling from the Court on the issue.

iii. Where appropriate in light of the amount of Protected Information likely to be disclosed at a given deposition, counsel of record for the Parties may agree at the beginning of the deposition that the entire

        Case 3:04-cv-03763-SI Document 74 Filed 11/09/05 Page 7 of 13

transcript shall be designated "CONFIDENTIAL" or "CONFIDENTIAL: OUTSIDE ATTORNEYS' AND EXPERTS' EYES ONLY," subject to review of the transcript and withdrawal of any unnecessary designation within ten (10) calendar days of receipt of the transcript.

B. Answers to interrogatories and requests for admission may also be designated confidential by marking the Documents in a manner described in Paragraph 6 of this Order.

C. Notwithstanding Paragraph 7 above, other persons may be shown a specific item of "Protected Information" of the producing party if such persons are either past or present employees of the producing party or identified in that specific item, or on any attachment thereto, as being the author, or as having previously received a copy of an exact duplicate of said specific item.

12. Documents Available for Inspection and Copying

A. Notwithstanding the provisions of Paragraph 6, all Documents and things that are produced for initial inspection prior to copying and delivery shall presumptively be considered to be designated Protected Information marked with the "CONFIDENTIAL: OUTSIDE ATTORNEYS' AND EXPERTS' EYES ONLY" classification and shall be produced for inspection only by persons representing the receiving party who then fall within at least one of the categories permitted under Paragraph 7 above.

B. At the initial inspection of Documents and things, the receiving party shall not make copies of the Documents made available for inspection, and if notes are made therefrom other than a list identifying Documents or things to be copied or otherwise furnished, the notes shall be treated as Protected Information marked with the "CONFIDENTIAL: OUTSIDE ATTORNEYS' AND EXPERTS' EYES ONLY" classification.

C. After the receiving party has selected Documents or things for copying, they shall promptly be sequentially numbered (if not already done), copied, and the copies delivered to the receiving party by the producing party (with the receiving party paying only for the costs of its copy set and delivery of such set). Before copies are delivered to the receiving party, counsel for the producing party shall designate and mark each page of the Documents and things with the appropriate

confidentiality classification—either “CONFIDENTIAL,” “CONFIDENTIAL: OUTSIDE ATTORNEYS’ AND EXPERTS’ EYES ONLY,” “REDACTED & CONFIDENTIAL,” or “REDACTED & CONFIDENTIAL: OUTSIDE ATTORNEYS’ AND EXPERTS’ EYES ONLY”—and with the litigation case number (“Case No. C-04-3763 SI (N.D. Cal.)”) if and to the extent appropriate in accordance with Paragraph 6 of this Protective Order. Copies of Documents and things delivered to the receiving party and not so marked shall be considered thereafter to be outside the restrictions imposed by this Protective Order, except as provided in Paragraph 6.

13. Compliance With Civil Local Rule 79-5

A. All deposition transcripts, exhibits, answers to interrogatories, and other Documents that have previously been designated by a party as comprising or containing Protected Information, or any pleading, brief, or memorandum purporting to reproduce or paraphrase such material, shall be lodged with the Court for filing in accordance with Civil L.R. 79-5.

B. The confidential portions of Documents and things that are accepted for filing under seal by the Court shall be treated in accordance with Civil L.R. 79-5(e).

14. If the receiving party disagrees with the confidential or redacted status of any Document or other material, or if the receiving party disagrees with the level of confidentiality classification, the receiving party will notify and confer with the producing party to request reclassification of the Document or material. If no agreement has been reached within ten (10) calendar days of such notification or a later date if agreed to in writing by the parties, the receiving party may thereafter make a request of the Court for an order reclassifying the confidentiality designation and/or removing such Document or other material from the restrictions of this Order. If such a request is made, the party seeking to maintain a confidentiality classification bears the burden of establishing that the restrictions of this Order apply to such Protected Information.

15. Privileged Information

A. Nothing in this Protective Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does it result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

B. In the event any party claims that it has inadvertently disclosed information subject to the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, it shall, upon discovery of the inadvertent disclosure, promptly notify the opposing party thereof. Immediately upon receiving such notice, outside counsel for the party who received the allegedly inadvertently-disclosed privileged information shall sequester all identified information (including any and all copies) in its offices until the matter has been resolved either by agreement of the parties or by an order of this Court. With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement as to the return and/or use of such Documents within ten (10) calendar days of such notice, the producing party may, within ten (10) calendar days thereafter, petition the Court on an expedited basis to resolve the matter. If the party alleging an inadvertent disclosure makes an adequate showing, reasonable under the circumstances, of both inadvertence and privilege, the Court shall order all such information returned to the party that inadvertently produced them. The period of time that elapses while a party follows the procedures set forth in this Paragraph 15 for resolving any inadvertent disclosure dispute shall not be considered as a factor in deciding whether a party's delay in attending to the inadvertent disclosure was unreasonable under the circumstances.

16. If Protected Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Protected Information and prevent further disclosure of it by the person who was the recipient of such information.

17. Unless otherwise agreed or ordered by the Court, within ninety (90) calendar days after the termination of this Action, Case No. C-04-3763 SI (N.D. Cal.), including any and all appeals therefrom, attorneys for the receiving party shall destroy all Protected Information received from the other parties to this litigation or third parties hereunder, and provide the other parties with written verification of such destruction. Notwithstanding this provision, outside counsel for each party may maintain for archival purposes one copy of all pleadings, transcripts, exhibits and written discovery

responses, including portions designated under this Protective Order. Prompt written notice shall be given to a party who produced Protected Information hereunder if that party's Protected Information is sought by any person not a party to this litigation, by subpoena in another action, or by service with any legal process. Any person seeking such Protected Information who takes action to enforce such subpoena or other legal process shall be apprised of this Order.

18. This Order may be changed only by the written agreement of the parties or further order of the Court, and is without prejudice to the rights of a party to seek relief from or variation of any of its provisions.

19. Subject to Paragraphs 15 and 16 above, the remaining provisions of this Order, including the obligations to maintain confidentiality embodied herein, shall survive the final disposition of this litigation and continue in full force and effect.

**IT IS SO ORDERED**.

Dated:____________________

UNITED STATES DISTRICT COURT
IT IS SO ORDERED
Judge Susan Illston
NORTHERN DISTRICT OF CALIFORNIA

SUSAN IL
UNITED S

Case 3:04-cv-03763-SI Document 74 Filed 11/09/2005 Page 11 of 13

**EXHIBIT A**

**CERTIFICATION**

I, ___________________________, residing at ____________________________________, ____________________________, being duly sworn according to law, state as follows:

1. I understand that information or Documents designated "Protected Information" will be provided to me in accordance with the terms and conditions and restrictions of the Protective Order ("Protective Order"), dated ___________________, 2005, entered in the lawsuit styled *Tillis v. Lamarque, et al.*, United States District Court, Northern District of California, San Francisco Division, Civil Action No. C-04-3763 SI (the "Litigation");

2. I have been given a copy of and have read and understand the Protective Order, and I hereby agree to be bound by its terms;

3. I further agree that I shall not disclose to others, except in accordance with the terms and conditions of the Protective Order, such Protected Information and that such Protected Information shall be used only for the purposes of the Litigation;

4. I further understand that my obligation to honor the confidentiality of such Protected Information will continue even after the Litigation terminates;

5. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions imposed by the Court for such a failure, including sanctions by way of contempt of court, and a claim for damages by the party producing the Protected Information disclosed to me;

6. For purposes of enforcing this Protective Order, I hereby consent to the jurisdiction of the federal courts and state courts in California, and agree that service by mail or personal service of any notice, order, or proceeding in connection therewith shall be valid service upon me;

///

///

///

///

///

Case 3:04-cv-03763-SI Document 74 Filed 11/09/2005 Page 13 of 13

7. I certify that the foregoing statements made by me are true and correct under penalty of perjury under the laws of the State of California.

______________________________

Executed on ______________, 2005

[PROPOSED] PROTECTIVE ORDER 12
No. C-04-3763 SI
sf-1974480