United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY TILLIS,

         Plaintiff,

  v.

ANTHONY LAMARQUE, et al.,

         Defendants.
                               /

No. C 04-03763 SI

**ORDER DENYING DEFENDANTS' MOTION TO QUASH SUBPOENAS OF SPECIAL AGENTS MIDDLEBROOKS AND EDWARDS**

Now before the Court is defendants' motion to quash subpoenas of Special Agents Azell Middlebrooks and Paul Edwards.[1] Plaintiff has objected to quashing these subpoenas, arguing that the depositions should be allowed pursuant to the protective order in this case. For the following reasons, the Court DENIES defendants' motion to quash.

**BACKGROUND**

Plaintiff Gregory Tillis filed this action against defendants Anthony Lamarque, *et al.*, on August 26, 2004, in the Eastern District of California. On September 8, 2004, this case was transferred to this Court. This matter is currently in the discovery phase. On November 8, 2005, the Court issued a protective order. On that same day, the parties stipulated to have the protective order "govern the rights and obligations . . . with respect to Documents and Protected information produced or received in the course of this action." *See* November 8, 2005, Addendum One to Protective Order.

Plaintiff has subpoenaed Special Agents Middlebrooks and Edwards for deposition. Defendants now seek to quash these deposition subpoenas.

---

[1] Defendants brought this matter before the Court through a letter brief dated February 14, 2006 [Docket No. 123]. Plaintiff responded in a February 21, 2006 letter [Docket No. 137].

**DISCUSSION**

Defendants argue that the subpoenas issued to Middlebrooks and Edwards should be quashed because: (1) most of the information sought is privileged; (2) the information sought could violate federally protected privacy rights of peace officers; (3) the information that plaintiff seeks can be obtained in another manner; (4) the unauthorized release of information from these depositions would greatly undermine the effectiveness of internal affairs investigations of the CDCR; and (5) the depositions are barred by the official information privilege. In the alternative, if the subpoenas are allowed, defendants move to modify the subpoena so that the depositions are classified as "Confidential: Outside Attorneys' and Experts' Eyes Only" and that the deposition subject matter be limited to only the investigation of the August 14, 2003, incident.

Defendants' brief generally reiterates the same arguments that were previously rejected by the Court in its October 19, 2005, Order granting in part plaintiff's motion to compel ("Oct. 19 Order"). As defendants have added nothing new, their motion is DENIED.

**1.    Privileged Information in Deposition Testimony**

Defendants renew their argument from their August 19, 2005, letter brief that much of the information that may be revealed in the special agents' depositions is privileged under California Penal Code § 832.7. *Compare* Defs.' Br. at 2, *with* Aug. 19 Brief at 4; *see* CAL. PEN CODE § 832.7. The Court has already rejected this argument in its previous order. Oct. 19 Order at 3, n.2. In addition, the October 19 Order clearly defines what part of personnel records are discoverable. As such, the Court again rejects defendants' argument.

**2.    Federally Protected Privacy Rights of Peace Officers**

Next, defendants argue that the privacy rights of correctional officers will be violated because the depositions are likely to elicit information regarding correctional officers' personnel file. This argument adds nothing new to defendants' argument in their August 19 Brief in which they pose the same argument and cite the same case. *Compare* Defs.' Br. at 3, *with* Aug. 19 Brief at 4. Accordingly,

2

the Court rejects this argument as it did in the October 19 Order.

### 3. Alternate Access to Information

Defendants argue that plaintiff should be precluded from taking these depositions because all the pertinent information that can be gathered in depositions is contained in investigative reports available to the plaintiff. Plaintiff correctly argues that the depositions are needed because the investigative reports do not address discrepancies of different witnesses' account of what happened, how this investigation was performed, and the authenticity of the investigative reports. Accordingly, the Court rejects defendants' argument.

### 4. Undermining the Effectiveness of Internal Affairs Investigations

Defendants argue that these depositions should not be allowed because they may disclose information that "could greatly impede Internal Affairs' ability to effectively investigate staff misconduct." Defs.' Br. at 3. However, defendants' argument ignores the fact that the protective order, stipulated to by defendants, already addresses this concern by allowing this type of information to be classified as confidential. Protective Order at ¶ 4. Accordingly, the Court rejects this argument.

### 5. Official Information Privilege

Lastly, defendants argue that the official information privilege disallows the depositions because disclosure of internal affairs investigations would be extremely harmful. Before the Court can consider whether the official information privilege applies, the defendant must file a declaration or affidavit setting forth:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality . . . , (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if the disclosure were made.

*Kelly v. San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987). Defendants submit a declaration by Paul

3

Edwards to address this threshold concern. However, this declaration is mostly conclusory and is filled with general assertions. Specifically, the declaration fails to address in a specific manner how disclosure under the current protective order would create any risk, much less substantial risk, to governmental or privacy interests. Instead, it speaks only to consequences of disclosure to the general public. In addition, the declaration only describes what types of harm may occur and does not predict the amount of harm. The "general assertion that . . . [the] internal investigatory system would be harmed by disclosure of the [deposition testimony] is insufficient to meet the threshold test for invoking the official information privilege." *Soto v. City of Concord*, 162 F.R.D. 603, 614 (N.D. Cal. 1995). As plaintiff failed to satisfy the threshold declaration requirement, the Court rejects defendants' official information privilege argument.

**6.     Modifications to the Subpoena**

Defendants request that if the depositions are allowed to proceed, they should be classified as "Confidential: Outside Attorneys' and Experts' Eyes Only" and that the deposition subject matter be limited to the investigation of the August 14, 2003, incident. The Court GRANTS defendants' request that depositions be initially designated as "Confidential: Outside Attorneys' and Experts' Eyes Only" as stipulated in the Protective Order at paragraph 11(A)(i). However, the Court DENIES defendants' request that the deposition subject matter be limited to the investigation of the August 14, 2003, incident.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion to quash subpoenas of Special Agents Middlebrooks and Edwards (Docket No. 123).

**IT IS SO ORDERED.**

Dated: April 19, 2006

SUSAN ILLSTON

4

United States District Judge

5