1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY TILLIS,                                              No. C 04-03763 SI

            Plaintiff,                         **ORDER DENYING PLAINTIFF'S**
   v.                                                      **MOTION TO RECLASSIFY**
                                  **DOCUMENTS**
ANTHONY LAMARQUE, et al.,

            Defendants.
                                     /

      Now before the Court is plaintiff's motion to reclassify certain documents.[1]  Defendants have

objected to reclassifying these documents, arguing that the reclassification could place certain inmates

in serious danger.  For the following reasons, the Court DENIES plaintiff's motion.

**BACKGROUND**

      Plaintiff Gregory Tillis filed this action against defendants Anthony Lamarque, *et al.*, on August

26, 2004, in the Eastern District of California.  On September 8, 2004, this case was transferred to this

Court.  This matter is currently in the discovery phase.  On November 8, 2005, the Court issued a

protective order.  On that same day, the parties stipulated to have the protective order "govern the rights

and obligations . . . with respect to Documents and Protected information produced or received in the

course of this action."  *See* November 8, 2005, Addendum One to Protective Order.

      Pursuant to the Protective Order, defendants have designated some discovery "Confidential,

Outside Attorneys' and Experts' Eyes Only."  Discovery labeled with this designation is accessible by

---

    [1]Plaintiff brought this matter before the Court through a letter brief dated February 21, 2006
[Docket No. 130].  Defendants responded in a February 27, 2006 letter [Docket No. 150] and a February
28, 2006, letter [Docket No. 151].

1  plaintiff's lawyer, but it may not be disclosed to Tillis himself, because this discovery "contains

2  information the disclosure of which is likely to result in imminent or substantial endangerment to an

3  inmate or prison employee." Protective Order at ¶¶ 4, 7-8. Since defendants plan to depose Tillis,

4  plaintiff moves to have the Office of Internal Affairs ("OIA") reports reclassified from "Confidential,

5  Outside Attorneys' and Experts' Eyes Only" to the less restrictive "Confidential"so that Tillis can

6  review this information before his deposition. In the alternative, plaintiff request that the scope of Tillis'

7  deposition be limited to matters not contained in the OIA reports.

8

9                                         **DISCUSSION**

10 **1.      Classification of OIA Reports**

11        Paragraph 14 of the Protective Order states that if a party disagrees with the confidentiality

12 status of any material produced during discovery, "the party seeking to maintain a confidential

13 classification bears the burden of establishing that the restrictions of this Order apply to such Protected

14 Information." Protective Order at ¶ 14. Defendants oppose reclassifying the OIA reports because

15 allowing Tillis to view these documents would endanger currently incarcerated inmates who are prison

16 informants. Specifically, defendants argue that if Tillis viewed the OIA reports then he would be able

17 to identify the confidential informants from the information provided by the informants in the reports.

18 In addition, Tillis has a history of violence in and out of jail. Attorney General's Br. at 2. As a result,

19 Tillis could use this information to assist other inmates who might want to retaliate against informants

20 for supplying information to the authorities. Given the nature of prison life and Tillis' background, the

21 Court agrees that the information should be withheld from him. Accordingly, the Court DENIES

22 plaintiff's request to reclassify the OIA reports.[2]

23

24

_____

25        [2]Plaintiff also argues that the current restrictive classifications of the OIA reports prevent his
   counsel from asking defendants about matters asserted in the OIA reports. For example, plaintiff claims
26 that his counsel cannot "ask Defendant Agamao about matters asserted in the OIA report on Defendant
   Sickelton, or Defendant Sickelton about matters asserted in the OIA report on Defendant Espinoza."
27 Pl. Br. at 2. Defendants have not challenged plaintiff's ability to use the OIA reports in the depositions
   of these defendants, however, and have only contested plaintiff's ability to disclose the reports to Tillis
28 and Holston.

2

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

**2.      Limiting Deposition Scope**

As the Court denies plaintiff's request to reclassify the OIA reports, plaintiff requests that defendants be barred from deposing Tillis on matters contained in the OIA reports.  Plaintiff argues that if Tillis is not allowed to view the OIA reports before his deposition then defendants will be able to inquire into facts about which he has no prior notice or to later impeach him with apparent inconsistences between his deposition testimony and documentary evidence that he is not even permitted to see.  Defendants contend that the protective order already sets limits on defendants' ability to take Tillis' deposition and further restrictions would be unfair to defendants' right to defend themselves.

The normal scope of discovery is very broad as questions may relate to "any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  However, a deponent is only required to answer matters within his own knowledge.  *Schwarzer, Tashima, & Wagstaffe, Federal Civil Procedure Before Trial* ¶ 11:1543 (2006).  Thus, Tillis is not responsible for answering questions about information contained in the OIA reports unless it is within his own knowledge.  While plaintiff's counsel obviously would prefer that Tillis educate himself as thoroughly as possible before his deposition, the Court does not believe that it is necessary for Tillis to review information compiled from other sources.[3]

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion to reclassify documents. [Docket No. 130].

**IT IS SO ORDERED.**

Dated: April 19, 2006

_____
SUSAN ILLSTON
United States District Judge

---

[3]Of course, it goes without saying that defendants may not argue that the confidentiality of the OIA reports must be strictly maintained and then disclose portions of the reports at a later time.  If defendants intend to disclose any portions of the OIA reports later in this litigation, they must allow plaintiff access to redacted versions.

3

United States District Court

For the Northern District of California